```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


WILLIAM COLON                    :      CIVIL ACTION
                                 :
     v.                          :
                                 :
PHILADELPHIA POLICE              :
DEPARTMENT 26TH DISTRICT,        :
et al.                           :      NO. 10-603
```

MEMORANDUM

McLaughlin, J.                                        August 20, 2014

      The plaintiff, William Colon, was arrested for disorderly conduct on March 5, 2009.  He claims in this lawsuit that he was arrested without probable cause and with excessive force.  He is suing the Philadelphia Police Department and Officer Francis McAnulty.[1]  The Court conducted a bench trial by video conference.  The Court finds for the defendant and against the plaintiff.

I.   Findings of Fact

      On March 5, 2009, at approximately 10:45 to 11:00 p.m., the plaintiff was standing outside a Chinese restaurant at 8th

---

[1] Detective John Lichtner was a defendant but at the trial the plaintiff conceded that the detective was not involved in his arrest.  Lichtner is, therefore, dismissed.  Officer Cruz was not named as a defendant in the case.  The plaintiff explained at trial that he did not name him because he did not know his name -- it was not on the paperwork.  But, it was then too late to name another defendant.

Street & Lehigh Avenue, with his father and with a friend, who was waiting for the bus.  Officers Mark Cruz and Francis McAnulty, who, at that time, had been on the Philadelphia Police Force for approximately two years, observed the three men on the corner.  The officers were working an overtime shift to make quality of life stops and an arrest when warranted.  A quality of life stop involves any activity that is a nuisance to the citizens living in the area.  The police officers thought that the three men were talking loudly.  The officers did not observe whether or not there was a bus stop at the corner.

      The officers saw the men and then cruised around for fifteen minutes and returned to the spot.  The three men were still on the corner.  The officers got out of their car and approached the three men.  One or both of the officers told the three men to disperse.  Colon turned and walked quickly into the Chinese restaurant to get the food he had ordered earlier.  Cruz followed him into the restaurant and McAnulty stayed outside with the other two people.

      Cruz demanded ID from Colon.  Cruz responded: "Fuck you.  I don't have to give you my ID."  At this point, the interaction between Colon and Cruz became heated and physical, resulting in Cruz pushing Colon, who fell over a bench in the restaurant.

      McAnulty heard a commotion in the restaurant and

entered it.  McAnulty also had a confrontation with the plaintiff.  The plaintiff was attempting to get up from the floor at this point.  McAnulty did not know what had occurred between the plaintiff and Cruz before he came in.  It is not at all clear what happened at this point.  As best the Court can determine, the plaintiff and Cruz were still interacting in a physical way and McAnulty admits to doing a straight arm takedown of Colon and taking him to the ground.  Colon suffered an injury to his arm during the arrest.  The officers placed the handcuffs around his wrists, restricting the blood flow to his right hand.  He had a tingling feeling from his elbow down and numbness between his fingers.  He was handcuffed for about twenty minutes

Colon was arrested for disorderly conduct for failing to disperse and transported to two police stations by McAnulty and Cruz, where he was detained and spent the night.  After Colon was released on bail, he went on his own accord to the Temple University Hospital, where, according to his medical records, he was diagnosed with "hand pain."  The hospital put his arm in a splint and an arm sling, which Colon kept on for about four weeks.  Colon did not return to the hospital because he could not afford the follow-up.  Currently, his arm still hurts, especially when he plays sports.  It has also impaired his ability to grasp things.  The charges against Colon stemming from this incident were dropped.

II.  Conclusions of Law

The plaintiff claims that his arrest was without probable cause and the officers used excessive force in the arrest.  To determine whether probable cause existed, the Court must consider whether the facts and circumstances available to the defendant would warrant a prudent officer in believing that the plaintiff had committed or was committing a crime.

With respect to the excessive force claim, the issue is whether the amount of force the defendant used was the amount which is a reasonable officer would have used in making the arrest under similar circumstances.  The Court must consider all the relevant facts and circumstances leading up to the time of the arrest that the defendant reasonably believed to be true at the time of the arrest.

One difficulty for the plaintiff is that he did not sue Officer Cruz.  In evaluating the case against Officer McAnulty, the Court must look only to his conduct and what he knew at the time of the incident.  The Court also is mindful that the plaintiff had the burden of proving by a preponderance of the evidence that he was arrested for disorderly conduct without probable cause and that excessive force was used in that arrest.

The Court has concerns about the conduct of the police that lead to this incident.  It appears that the police got out of their car and approached three men who were talking loudly on

a street corner in front of an open Chinese restaurant and near a bus stop.  One of the three men was waiting for a bus.  The other two lived nearby.  One of the other two, who was the plaintiff, had ordered Chinese food and was waiting to go in and get his food.  The police came up to them and ordered them to disperse.

The plaintiff has a good point when he argues that, indeed, he did disperse –- he went into the Chinese restaurant.  Officer Cruz, for whatever reason, followed him into the Chinese restaurant and asked for his identification.  It is not clear to the Court why Officer Cruz did this.  The order was for the people to move away from the corner.  There was no allegation of any other conduct by the defendants at all, let alone anything illegal.

Officer Cruz went into the Chinese restaurant after the plaintiff and demanded his ID.  A heated exchange took place and as a result of the physical altercation between Cruz and Colon, Colon ended up falling over a bench in the restaurant.  Officer McAnulty came into the Chinese restaurant in the midst of this confrontation.

McAnulty did not know what had happened before he came in.  All he saw was apparent physical contact between his partner and Colon.  Although the Court does not find credible McAnulty's testimony that Colon "charged" at him multiple times, the Court also does not find credible the plaintiff's testimony that Cruz,

for no reason, pushed him over the bench and McAnulty "joined in the struggle."  Because the plaintiff has the burden of proof, the Court must find for the defendant.

By the time Colon was arrested, there was probable cause for disorderly conduct.  As to the excessive force claim, the Court cannot find by a preponderance of the evidence that McAnulty used excessive force.

An appropriate order shall issue.